UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AHMED SHAIKH,<br><br>Plaintiff,<br><br>vs.<br><br>FOX NEWS NETWORK, LLC; PARAMOUNT GLOBAL; WARNER BROS. DISCOVERY, INC.; NBCUNIVERSAL MEDIA, LLC; and THE WALT DISNEY COMPANY,<br><br>Defendants. | Case No.<br>6:24-cv-1894-WWB-RMN |

## ORDER

This matter is before the Court without argument on Plaintiff's Motion for Reconsideration (Dkt. 31), filed December 20, 2024. Defendant the Walt Disney Company opposes. Dkt. 40. Plaintiff filed a reply. Dkt. 41.

Because Plaintiff is proceeding in the instant case on a *pro se* basis, the Court will take the opportunity to inform Plaintiff of some, but not all, of the procedural rules with which pro se litigants must comply. The Court reminds Plaintiff of these obligations because a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil

Procedure, and the Local Rules of the Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* parties are subject to the relevant law and rules of court).

All requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). All motions and other filings must be signed by the filing party and include the filer's name, address, e-mail address, and telephone number.[2] Fed. R. Civ. P. 11(a). Among other things, a party's signature serves as the litigant's certification, pursuant to Fed. R. Civ. P. 11(b), that the filed document is not submitted for any improper purpose; that the claims or defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein. *Pro se* litigants are advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of the case.

All motions filed with the Court must comply with the requirements of Local Rule 3.01. Local Rule 3.01(a) requires that every motion include—in a single document no longer than twenty-five

---

[1] The parties are reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.

[2] In its administrative procedures for electronic filing, the Court authorizes pro se parties to "sign" filings using "/s/" followed by the pro se party's name.

pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. Local Rule 3.01(b) permits a party opposing a motion to file a response no longer than twenty pages. Local Rule 3.01(c) requires a party opposing a motion to file its response within fourteen days, except for responses to certain motions.

Local Rule 3.01(d) prohibits parties from filing a reply in support of a motion without leave of court. Local Rule 3.01(f) prohibits parties from incorporating by reference all or part of any other motion, legal memorandum, or brief.

Local Rule 3.01(g) requires a moving party to confer, or attempt to confer, with their adversary in good faith before filing any motion, and to certify that they have done so.

Lastly, Plaintiff is reminded that, although he may be proceeding *pro se*, he is not relieved of all obligations that rest upon an attorney. There are still many requirements with which *pro se* litigants must still comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties are warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion. Plaintiff's attention is directed to Local Rule 3.02, which provides information concerning case management including the conduct of a case management conference.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this

Order does not purport to set forth all those requirements and should not be relied upon as limiting a *pro se* party's duties and obligations in litigating this case.

Here, the motion does not comply with the requirements of the Local Rules. The motion does not contain the certification of good faith referral required by Local Rule 3.01(g). Plaintiff also filed an unauthorized reply, which the Court will strike from the docket.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Reconsideration (Dkt. 31) is **DENIED**; and

2. The Clerk is directed to **STRIKE** Plaintiff's reply (Dkt. 41) from the docket.

**DONE** and **ORDERED** in Orlando, Florida, on March 4, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Ahmed Shaikh
7940 Wandering Way
Orlando, Florida 32836

Counsel of Record