UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| AHMED SHAIKH,<br><br>Plaintiff,<br><br>vs.<br><br>FOX NEWS NETWORK, LLC; PARAMOUNT GLOBAL; WARNER BROS. DISCOVERY, INC.; NBCUNIVERSAL MEDIA, LLC; and THE WALT DISNEY COMPANY,<br><br>Defendants. | Case No.<br>6:24-cv-1894-WWB-RMN |

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on the following:

1.      Defendants Paramount Global, Warner Bros. Discovery, Inc., and NBCUniversal Media, LLC's Motion to Dismiss (Dkt. 32), filed December 23, 2024;

2.      Defendant Fox News Network, LLC's Motion to Dismiss (Dkt. 36), filed December 30, 2024; and

3.      Defendant The Walt Disney Company's Motion to Dismiss (Dkt. 47), filed January 17, 2025.

Plaintiff filed responses opposing each motion. Dkts. 45, 48, 49. Plaintiff also filed a supplemental response to the motion filed by The Walt Disney Company.[1] (Dkt. 56).

## I.  BACKGROUND

Plaintiff, who is proceeding pro se, sues five media companies, Fox News Network, LLC ("Fox News"), Paramount Global ("Paramount"), Warner Bros. Discovery, Inc. ("Warner Brothers"), NBCUniversal Media, LLC ("NBC"), and The Walt Disney Company ("Disney"). Dkt. 1 ("Comp."). In a rambling complaint spanning 266 pages and containing 1,383 numbered paragraphs, Plaintiff asserts, by my count, more than 50 claims based on state and federal law against Defendants. *Id.* ¶¶ 615–849.

These claims are founded on Plaintiff's allegations that hidden cameras and microphones are installed in his apartment and car, and his cell phone and laptop are hacked. Comp. ¶¶ 1–2. According to Plaintiff, videos and audio recordings from these devices are being sent to Defendants, several businesses, law firms, unidentified individuals, municipal and state law enforcement agencies, podcasters, various media personalities, state elected officials, the players and commissioners of the National Basketball Association, and others. *Id.* ¶¶ 3–5 (professors and Fox News), 7–8 (unnamed individuals and law enforcement), 13 (law firm), 17 (another law firm), 20, (Disney), 22 (a

---

[1] Although Plaintiff's supplemental response is improper, I will consider the arguments made in it. Put simply, Plaintiff's argument appears to be based on a misunderstanding of the relationship between parent and subsidiary corporations. In any event, because I recommend dismissing this case under Rule 12(b)(1), the Court need not dwell on the issue raised in the supplemental response.

third law firm), 25–26 (podcasters), 27 (NBC), 30 (Paramount), 33 (Warner Brothers), 38 (NBA), 39 (state elected officials). And some of these individuals and organizations are using "mind-reading technology to read [Plaintiff's] thoughts." *Id.* ¶ 27.

As a result of this surveillance, Plaintiff contends he was forced to withdraw from law school. Comp. ¶ 6. He also asserts he is being injured by Defendants' use of the information and "content" obtained from this surveillance in their broadcasts. *Id.* ¶¶ 21, 25-26, 28–29, 31-32, 35, 37. The Complaint contains a multitude of other allegations, including that the presiding District Judge cannot "impartially adjudicate this case." *Id.* ¶ 77.

## II.  LEGAL STANDARDS AND ANALYSIS

As each Defendant argues, *see* Dkts. 32 at 4–7, 36 at 11–12, 47 at 6–8, federal courts lack subject matter jurisdiction over complaints that are "patently insubstantial." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). To be dismissed on this ground under Federal Rule of Civil Procedure 12(b)(1), the claims must be "flimsier than 'doubtful or questionable' they must be 'essentially fictitious.'" *Best*, 39 F.3d at 330 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Such claims include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." *Id.* at 330.

Courts have found that complaints based on allegations of extreme surveillance warrant dismissal under Rule 12(b)(1). For instance, in *Grady v. United States Department of Defense*, No. 1:16-cv-14293, 2017 WL 35531, at *2 (S.D. Fla. Jan. 4, 2017), the district

court dismissed claims based on a "bizarre conspiracy theory" that involved implanted devices, electromagnetic waves, and other unbelievable allegations about national security letters. Similarly, the court in *Custis v. CIA*, 118 F. Supp. 3d 252 (D.D.C. 2015), dismissed constitutional and statutory claims based on the plaintiff's belief that the government had surgically implanted an electronic GPS device in her skull. Likewise, the court in *Curran v. Holder*, 626 F. Supp. 2d 30 (D.D.C. 2009), dismissed a pro se plaintiff's Fourth and Fifth Amendment and Privacy Act claims based on allegations of ongoing and pervasive government surveillance and harassment because the claims were so attenuated and insubstantial as to have no merit.

So too here. The complaint alleges that an unbelievably wide range of individuals, law enforcement agencies, government officials, and media companies (including the District Judge assigned to this case) are acting in concert, monitoring Plaintiff's every move, reading his mind, and reacting to this surveillance in real-time. *See, e.g.*, Compl. ¶¶ 196, 199-205, 210–13. Given the nature of these allegations and claims, I find that Plaintiff has failed to meet his burden to establish that this Court has subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The allegations are of the type that courts routinely dismiss at this stage as patently insubstantial under Rule 12(b)(1). In other words, the complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Gilberti v. Centers for Disease Control*, No. 8:21-cv-954, 2021 WL 2274183, at *2

(M.D. Fla. May 12, 2021) (quoting *Hagans*, 415 U.S. at 536-37). The Court should dismiss the complaint on that basis.[2]

### III.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND**:

1.  **GRANT** Defendants Paramount Global, Warner Bros. Discovery, Inc., and NBCUniversal Media, LLC's Motion to Dismiss (Dkt. 32);

2.  **GRANT** Defendant Fox News Network, LLC's Motion to Dismiss (Dkt. 36);

3.  **GRANT** Defendant The Walt Disney Company's Motion to Dismiss (Dkt. 47);

4.  **DISMISS** this case as patently insubstantial under Rule 12(b)(1);

5.  **TERMINATE** all remaining motions; and

6.  **DIRECT** the Clerk to close this matter.

### <u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections

---

[2] Though Defendants ask the Court to prohibit Plaintiff from filing future lawsuits, I respectfully do not believe his actions to date warrant sanctions or a finding that he is a vexatious litigant. *See, e.g., Riccard v. Prudential Ins.*, 307 F.3d 1277, 1295 (11th Cir. 2002) (affirming trial court order prohibiting the plaintiff from filing any new action against the defendants because "[t]hree or four lawsuits over one employment relationship is enough"). But the Court should caution Plaintiff that sanctions may issue if he continues filing lawsuits asserting similar allegations and claims.

to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on March 19, 2025.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Ahmed Shaikh
7940 Wandering Way
Orlando, Florida 32836

Counsel of Record

- 6 -