**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AHMED SHAIKH,

        Plaintiff,

v.                                                                  Case No.: 6:24-cv-1894-WWB-RMN

FOX NEWS NETWORK, LLC,
PARAMOUNT GLOBAL, WARNER
BROS. DISCOVERY, INC.,
NBCUNIVERSAL MEDIA, LLC and THE
WALT DISNEY COMPANY,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendants Paramount Global, Warner Bros. Discovery, Inc., and NBCUniversal Media, LLC's Motion to Dismiss (Doc. 32), Defendant Fox News Network, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 36) and Defendant The Walt Disney Company's Motion to Dismiss Complaint (Doc. 47). Magistrate Judge Robert M. Norway issued a Report and Recommendation ("**R&R**," Doc. 71), in which he recommends that all three Motions be granted in part and that this case be dismissed as patently insubstantial under Federal Rule of Civil Procedure 12(b)(1). Plaintiff then filed a Response, which the Court construes as an objection under Rule 72(b)(2). ("**Objection**," Doc. 73).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district

court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Plaintiff first objects that the R&R fails to accurately or adequately recite the facts contained in the Complaint (Doc. 1). (Doc. 73 at 2). Although Plaintiff contends that this "raises serious concerns about the thoroughness of the review," the Court disagrees. First, Plaintiff's factual "clarifications" include allegations not found in the Complaint and therefore will not be considered. Further, the R&R contains reference to hundreds of paragraphs in the 267-page Complaint, including citation to general factual allegations and to allegations specific to each Defendant. (*See generally* Doc. 71). Accordingly, after an independent de novo review of the Complaint and the R&R, the Court concludes that Magistrate Judge Norway thoroughly reviewed the Complaint and accurately summarized the facts therein. Plaintiff's objection to the contrary is conclusive and will be overruled without further discussion. The relevant factual background as set forth in the R&R is hereby adopted and made a part of this Order accordingly. (Doc. 71 at 2–3).[1]

---

[1] The Court notes that the Complaint contains allegations regarding the perceived impartiality of the undersigned. (*See* Doc. 1, ¶¶ 73–78). However, Plaintiff has not filed a motion to recuse in this case and the allegations set forth in the Complaint do not give rise to a basis for recusal under 28 U.S.C. § 455.

Plaintiff next argues that the R&R is complicit in an "attempt to weaponize Rule 12(b)(1)" and disguise a merits-based challenge as a jurisdictional one. (Doc. 73 at 3). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms. "Facial attacks" require the Court to examine the complaint, taking the allegations therein as true, and to determine if the Plaintiff has adequately alleged a basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at 1529 (quotation omitted). However, a district court may "only rely on Rule 12(b)(1) [i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quotation omitted). Plaintiff argues that Defendants' Motions implicate the merits of his claims, and thus the issues raised therein cannot be resolved under Rule 12(b)(1). *Id.*

Plaintiff's argument, however, fails to account for the exception that provides that claims may be dismissed for lack of jurisdiction "where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974) (holding that to dismiss a claim on this ground, the claim must be more than "doubtful or questionable," but rather "essentially fictitious" (quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962))); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir.

1994) (holding that district courts may dismiss claims which are "patently insubstantial, presenting no federal question suitable for decision" (quotation omitted)).

Evaluating the Complaint under this exception, the R&R concludes that Plaintiff's claims are entirely implausible and thus "so attenuated and unsubstantial as to be absolutely devoid of merit." (Doc. 71 at 4–5 (quoting *Gilberti v. Ctrs. for Disease Control*, No. 8:21-cv-954, 2021 WL 2274183, at *1 (M.D. Fla. May 12, 2021))). Plaintiff does not rebut this conclusion, but instead merely repeats his allegations. Therefore, after review of the Complaint and the instant Motions, the Court agrees entirely with the findings of fact and conclusions of law in the R&R. Plaintiff's claims are so obviously insubstantial that they are "essentially fictious." *Hagans*, 415 U.S. at 537 (quotation omitted). Plaintiff's objection on this point will be overruled.

Plaintiff's final objection merely repeats his fantastical allegations and is therefore frivolous. It will be overruled without further discussion. *See Marsden*, 847 F.2d at 1548. On a final note, after independent de novo review of the R&R, and noting no objections, the Court accepts the R&R's recommendation that Plaintiff is not a vexatious litigant. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). Plaintiff is cautioned, however, that sanctions may issue if he files additional lawsuits in this Court asserting similar allegations and claims.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 73) is **OVERRULED**.

2. The Report and Recommendation (Doc. 71) is **ADOPTED** and **CONFIRMED** and made part of this Order.

3. Defendants Paramount Global, Warner Bros. Discovery, Inc., and NBCUniversal Media, LLC's Motion to Dismiss (Doc. 32), Defendant Fox News Network, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 36) and Defendant The Walt Disney Company's Motion to Dismiss Complaint (Doc. 47) are **GRANTED in part** as set forth in the R&R and **DENIED** in all other respects.

4. The Complaint (Doc. 1) is **DISMISSED** as patently insubstantial under Federal Rule of Civil Procedure 12(b)(1).

5. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on May 20, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

5